UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON

| | |
|---|---|
| **DENISE LOREN, PAUL LOGAN MARIANA MARCANO GOMEZ, MATT RUMER, JEREMY GUICO, SARAH NORRBOM, MARY HUGHES, MEGAN SALISBURY AND KENOSHA MADDOX** § § § § § § § | |
| *Plaintiffs,* § § | |
| VS. § § § | **CIVIL ACTION NO. _____** |
| **THE FRESHMAN YEAR MOVIE, LLC, JEREMY O. MALONE SR. AND UZO LEONARD OHAEBOSIM** § § § § § | |
| *Defendants*. § § | |

**DEFENDANTS JEREMY O. MALONE, SR. AND THE FRESHMAN YEAR MOVIE, LLC,'S NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants JEREMY O. MALONE SR. ("Malone") and THE FRESHMAN YEAR MOVIE, LLC ("TFYM") remove this action from the 129th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, as follows:

**I.   STATE COURT ACTION**

*1.*   On April 29, 2020, Plaintiffs Denise Loren, Paul Logan, Marian Marcano Gomez, Matt Rumer, Jeremy Guico, Sarah Norrbom, Mary Hughes, Megan Salisbury, and Kenosha Maddox (collectively, "Plaintiffs") filed Plaintiffs' Original Petition and Application for Temporary Restraining Order, Temporary and Permanent Injunction, and Additional

Request for Relief (the "Petition") in the 129th District Court of Harris County, Texas styled as *Denise Loren, Paul Logan, Marian Marcano Gomez, Matt Rumer, Jeremy Guico, Sarah Norrbom, Mary Hughes, Megan Salisbury, and Kenosha Maddox v. The Freshman Year Movie, Jeremy O. Malone Sr. and Uzo Leonard Ohaebosim* (the "State Court Action" or "Lawsuit"). In the State Court Action, Plaintiffs assert claims of Breach of Contract, Unjust Enrichment, Quantum Meruit, and Tortious Interference with an Existing Contract against Defendants.

2. Malone and TFYM were served with citation and a copy of the Petition on June 6, 2020. Defendant Uzo Leonard Ohaebosim filed his Original Answer on June 29, 2020. Defendants Malone and TFYM have not yet filed an Original Answer in State Court.

## II.   PROCEDURAL REQUIREMENTS

3. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by copies of the following materials, some of which are certified:

**Exhibit A: Index of Matters Being Filed**

**Exhibit B: Civil Cover Sheet**

**Exhibit C: List of All Counsel of Record**

**Exhibit D: State Court Docket Sheet**

**Exhibit D-1: Plaintiffs' Original Petition and Application for TRO, Temporary and Permanent Injunction and Additional Request for Relief**

**Exhibit D-2:  All Service of Process**

**Exhibit D-3: Request for Issuance of Service of Petition to Uzo Leonard Ohaebosim**

**Exhibit D-4; Request for Issuance of Service of Petition to The Freshman Year Movie**

**Exhibit D-5: Request for Issuance of Service of Petition to Jeremy O. Malone, Sr.**

**Exhibit D-6: Motion for Substituted Service of Process on The Freshman Year Movie and Jeremy O. Malone, Sr.**

**Exhibit D-7: Order Authorizing Substituted Service on Jeremy O. Malone, Sr.**

**Exhibit D-8: Order Authorizing Substituted Service on The Freshman Year Movie**

**Exhibit D-9: Motion for Substituted Service of Process on Uzo Leonard Ohaebosim**

**Exhibit D-10: Order Authorizing Substituted Service on Uzo Leonard Ohaebosim**

**Exhibit D-11: Defendant Uzo Leonard Ohaebosim's Original Answer**

4.  In connection with the filing of this of this Notice of Removal, Defendants are filing a copy of the Notice of Removal in the 129th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.   DIVERSITY JURISDICTION

5.  Removal of this action is proper under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a), based upon the parties' diversity of citizenship and the amount in controversy, exclusive of interest and costs.

**A.   All Plaintiffs are Diverse from All Defendants.**

6.  Plaintiffs are natural persons, so their citizenship for diversity purposes is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962,

at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). In the Petition, Plaintiffs admit that they are citizens of Florida, California, and Alabama. *See* Exhibit D-1.

7. Defendant TFYM is a corporation, which is considered to be a citizen both of its state of incorporation and of its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). TFYM is incorporated in Texas and has its principal place of business in Texas. Therefore, TFYM is a citizen of New Jersey for diversity purposes.

8. Defendant Malone, a natural person, has affixed his residence at 819 N. Wellsford Drive, Pearland, Texas 77584. Thus, Defendant Malone is a citizen of Texas.

9. Defendant Uzo Leonard Ohaebosim, a natural person, has affixed his residence at 1110 Glenwood Canyon Lane, Houston, Texas 77077. Thus, Defendant Ohaebosim is a citizen of Texas.

10. Because all Plaintiffs are citizens of Florida, California, and Alabama, and all Defendants are citizens of Texas, this lawsuit is between citizens of different states, and complete diversity exists among the parties. *See* 28 U.S.C. § 1332(a).

**B.    The Amount in Controversy Satisfies the Jurisdictional Minimum.**

*11.* Plaintiffs' Petition establishes that the value of the relief they seek in this Lawsuit exceeds the minimum $75,000 threshold. Specifically, Plaintiffs ". . seek monetary relief over $100,000 but not more than $200,000." *See* Exhibit D-1.

12. It is clear from the Plaintiffs' Petition that the value of the relief Plaintiffs seek in the Lawsuit, exclusive of interest and costs, exceeds $75,000. *See also* 28 U.S.C. § 1332(a).

13. As there is complete diversity among the parties, and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and removal

is proper.

## IV. CONCLUSION

WHEREFORE, Defendants remove this action from the 129th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over this cause as provided by law.

Respectfully submitted,

*/s/ Treshaun D. Meredith*
Treshaun D. Meredith
State Bar No. 2409189
S.D. Bar No. 3215606
Tmeredith@calhounmeredith.com

Calhoun, Meredith, & Sims, PLLC
5444 Westheimer Road, Suite 1250
Houston, Texas 77056
Telephone: (832) 430-6203
Facsimile: (346) 223-1244

**ATTORNEYS FOR DEFENDANTS JEREMY O. MALONE SR. AND THE FRESHMAN YEAR MOVIE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on this the 29th day of June 2020 via electronic mail and CM/RRR on the following pursuant to the Federal Rules of Civil Procedure:

Allison Connerly
CONERLY LAW GROUP
708 Main Street
Houston, Texas 77002
Email: aconerly@conerlylawgroup.com

*Counsel for Plaintiffs*

Kevin A. Murray
Attorney at Law
5075 Westheimer Road, Suite 980
Houston, Texas 77056
Email: kmurray@murrlaw.com

*Counsel for Defendant Uzo Leonard Ohaebosim*

                                          */s/ Treshaun D. Meredith*
                                           **Treshaun D. Meredith**